## HARRIS *vs.* BROWN.

A mere parol agreement for the conveyance of land made before the adoption of the common law and the re-enactment of the statute of frauds in this state, is void, there being neither delivery of possession, nor of title deeds, and no part payment of the purchase money.

A., the owner of a lot of land in San Francisco, requested B. to sell the same, and delivered to him the title deeds in order to enable him to effect a sale: B. agreed verbally with the plaintiff to sell the land to him, but A. refused to comply with the verbal agreement which B. his agent had made with the plaintiff: *Held*, in an action by the plaintiff against A. to compel the execution of a deed, or the payment of damages, that the agreement was void, and could not be enforced, and that the defendant A. was not liable in damages.

APPEAL from the court of First Instance of the district of San Francisco. The defendant, being the owner of a lot of land in San Francisco, and being desirous of selling it, engaged one Stephen Harris to sell it, but gave him no other than a verbal authority, except that he delivered to him the title deeds. On

Harris *v.* Brown.

the fifth day of December, 1849, the agent contracted with the plaintiff to sell the lot to him for $6,500, but this contract was not in writing, nor were the title deeds or the possession of the land delivered by the agent to the plaintiff. The whole matter rested solely in parol. On the next day the defendant, not having been informed of the sale by his agent, conveyed the land to another person for the sum of $6000, and on being informed in the evening of the same day of the sale effected by his agent, he replied that he regretted he had not known of it in time. Subsequently to the sale by the agent the plaintiff tendered the purchase money to the agent and also to the defendant, who refused to accept it and give a deed on the ground that in ignorance of the sale by his agent, he had sold the land to another person, and had given him a deed therefor. The defendant had, in fact, sold the land and given a deed, as he stated. It was proved that the lot was worth eight or nine thousand dollars ; and witnesses expressed their opinions, that if judiciously cut up into building lots it might have been sold in a short time for from sixteen to twenty thousand dollars. The cause was tried before the judge of First Instance without a jury, on the 28th day of December, 1849, and a decree was entered " that defendant deed the property in dispute to plaintiff on or " before Monday, or pay him $1,500, at which time the judge " will hear defendant's argument." On the 31st day of December, 1849, a further judgment was entered as follows : " Now " at this day, the court, after hearing defendant's argument, " confirms the former judgment. It is therefore considered by " the court that the said plaintiff recover of the said defendant " the said sum of $1,500, together with the costs and charges " in this behalf expended, and that he have execution therefor."

From this judgment the defendant appealed.

*Alexander Campbell*, for the plaintiff. The judgment is sustained by the evidence. It is not necessary that contracts relating to land should be in writing. No statute to that effect can be shown to have existed in California at the time of the conquest ; and from the condition of the people and their great

ignorance it is highly improbable that the principle of the statute of frauds was ever adopted here.

*Alexander Wells*, for the defendant.

*By the Court*, HASTINGS, Ch. J.   It appears that the respondent made a contract of purchase of a certain city lot in San Francisco of one Stephen Harris, as the agent of Brown the appellant, which contract was not reduced to writing nor any memorandum thereof.

That said Stephen Harris held only the title papers as evidence of his agency and did not have any written authority to sell.   That no purchase money was paid nor possession taken. That appellant had sold the same property to another person before the sale, or at least notice of the sale.   The court of First Instance rendered judgment against the appellant in the sum of $1,500.   Respondent's counsel holds that inasmuch as there was no statute of frauds in force in California at the time, the contract was valid.   We are unable to perceive how, under any system of laws, a verbal understanding between an agent, unauthorized by any written paper, and a vendee who neither takes possession nor pays any part of the purchase money, can be enforced if repudiated by the vendor; and even if such a contract could be holden valid, it would seem to have been the duty of the vendee, under the circumstances, to have immediately notified the vendor of his purchase.

The possession of the property was in the vendor, and before the vendee could claim the property as his by a valid purchase, he should have taken possession either by actual *seisin* under the contract or by title papers duly executed.

We cannot perceive by what rules of equity the court below rendered a judgment for $1,500 in favor of respondent.

There seems to be not the shadow of equity in the respondent's case.

The judgment, therefore, of the court below, is reversed.